20 A.3d 1185

**Spurgeon E. LANDIS and Mary A. Landis, his Wife, Petitioners**

v.

**A.W. CHESTERTON COMPANY; Union Carbide Corporation; CBS Corporation, formerly known as Viacom, Inc., as Successor–By–Merger to CBS Corporation, Successor–In–Interest to Westinghouse Electric Corporation; Ingersoll–Rand Company; Grinnell Corporation; Goulds Pumps, Inc.; Greene Tweed & Company; Hedman Mines, Ltd.; Garlock Sealing Technologies, LLC; Crane Company; Certainteed Corporation; Safety First**

Industries, Inc., in its Own Right and as Successor–In–Interest to Safety First Supply, Inc.; Alloy Rods Corporation, Individually and as Successor–In–Interest to Alloy Rods Company; Chemetron Corporation, Individually and as Successor–In–Interest to Alloy Rods Corporation and Alloy Rod Company; the Esab Group, Inc., Individually and as Successor–In–Interest to Alloy Rods Corporation, Alloy Rods Company and Chemetron Corporation; Saint Gobain Abrasives, Inc. (f/k/a Norton Company–Safety Products Division–USA North Company); and Hajoca Corporation, Respondents.

Supreme Court of Pennsylvania.

May 17, 2011.

### ORDER

PER CURIAM.

AND NOW, this 17th day of May 2011, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioners, are:

(1) Whether application of 77 P.S. § 411(2), the "disease manifestation" provision of the Pennsylvania Workers' Compensation Act ("Act"), in concert with 77 P.S. § 481, the "exclusive remedy" provision of the Act, results in an unconstitutional denial of the "reasonable compensation" mandate of Article III Section 18 of the Pennsylvania Constitution, which underlies the historical *quid pro quo* worker's compensation bargain, for a latent occupational disease that is invariably non-compensable under the Act?

(2) Whether it is a violation of the Open Courts and Remedies Clause of Article I Section II of the Pennsylvania Constitution and the Due Process and Equal Protection Clauses of the federal and state constitutions to foreclose a common-law remedy in exchange for providing a wholly emancipated "substitute remedy" in contraven-

tion of the "reasonable compensation" mandate of Article III Section 18 for an occupational disease which is invariably non-compensable under the Act?

(3) Whether the plain language of 77 P.S. § 411(2) defines an "injury" under the Act such that it excludes from its definition an occupational disease that first manifests more than 300 weeks after the last occupational exposure to the hazards of such disease, so that the exclusivity provision of 77 P.S. § 481 is not invoked?

Justice TODD did not participate in the consideration of decision of this matter.